IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE L. YOUNGBLOOD,

    Plaintiff,                      No. CIV S-05-0727 LKK DAD P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.              <u>ORDER</u>

_____/

        On April 13, 2005, plaintiff filed an application to proceed in forma pauperis unaccompanied by a complaint. On May 13, 2005, the court ordered plaintiff to file his complaint within thirty days. Plaintiff was advised that the court could not grant or deny the in forma pauperis application until he had filed an operative complaint. Plaintiff was granted an extension of time to file his complaint on June 16, 2005. On July 21, 2005, the Clerk's Office received from plaintiff approximately 2,000 pages of documents and received another 800 pages or more on July 25, 2005.

        Within the approximately 2,800 pages of documents filed by plaintiff the court is unable to locate an operative complaint. Nor is the court able to determine what claims plaintiff seeks to pursue in this case. Many of the documents submitted by plaintiff are fastened together without index, tabs, table of contents, or any other organizational method that would enable the

1

court to determine whether the documents are submitted as exhibits in support of plaintiff's claims, merely as background information, as part of a complaint, or for some other purpose. Plaintiff has also intermingled multiple copies of certain documents. Finally, those documents submitted which have been written by plaintiff are disjointed and difficult to comprehend.

The court concludes that plaintiff has failed to comply with the court's May 13, 2005 order. Plaintiff's voluminous submissions are unreasonable and abusive. The court will not sift through the thousands of pages of documents in order to locate possibly relevant documents. In addition, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the claims. The court is unable to determine the type of action plaintiff seeks to litigate or to identify the claims plaintiff intends to pursue.[1] The court will direct the Clerk of the Court to return plaintiff's papers, and will order that if he wishes to pursue this action plaintiff must file a complaint, using a form complaint with a page limitation for attachments. The purpose of a complaint is to identify the parties and claims, and to provide relevant factual allegations which support the constitutional claims. Plaintiff is not required to submit a legal brief or provide all his evidence in support of his claim or claims at this time.

The court also cautions plaintiff that his complaint must concern the transaction or events at one facility. The court notes that beginning at a page numbered 190, plaintiff has submitted six form complaints, which apparently concern plaintiff's arrest by officers with the Oroville Police Department, and conditions or incidents at High Desert State Prison and Deuel

/////

---

[1] Plaintiff is cautioned that if he seeks to challenge the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). It does not appear, however, that plaintiff has exhausted state court remedies to challenge his current incarceration. A civil rights action pursuant to 42 U.S.C. § 1983 is the proper mechanism for raising a federal challenge to conditions of confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)

1  Vocational Institute.[2]  Plaintiff must choose which facility or transaction he is seeking to pursue
2  in this action.  All other actions aimed at some other occurrence must be filed as separate cases in
3  the appropriate court and will be assigned a new case file number.
4         Lastly, plaintiff is informed that the court is required to screen any complaint filed
5  in response to this order.  Therefore, plaintiff must demonstrate how the conditions complained
6  of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227
7  (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is
8  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
9  or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423
10 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
11 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
12 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
13 268 (9th Cir. 1982).
14         Accordingly, IT IS HEREBY ORDERED that:
15         1. The Clerk of the Court is directed not to file the documents submitted by
16 plaintiff on July 21, 2005 and July 25, 2005, and is also directed to return these documents to
17 plaintiff;
18         2. The court will continue to return without filing, future documents submitted by
19 plaintiff to the court, until he has filed a complaint, using the form provided by the court and as
20 specified below;
21         3. Within thirty days from the service of this order, plaintiff shall file his
22 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
23 Procedure, and the Local Rules of Practice; plaintiff must use the form complaint provided by the

---

[2] The statement of claim in these form complaints is incomplete and refers the reader to an attachment or attached statement; however, the court is unable to locate the referenced attachments.

1 | court; the complaint must bear the docket number assigned to this case; attachments to the form
2 | complaint shall not exceed a total of ten pages; the complaint must concern transactions at only
3 | one facility; and plaintiff must file an original and two copies of the complaint;

4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 civil rights action; and

5. Plaintiff's failure to comply with this order will result in the dismissal of this action.

DATED: July 28, 2005.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
youn0727.comp