1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JESSE L. YOUNGBLOOD,

11              Plaintiff,                    No. CIV S-05-0727 LKK DAD P

12        vs.

13   STATE OF CALIFORNIA, et al.,

14              Defendants.                   ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  On April 13, 2005, plaintiff

17   initiated this action by filing an application to proceed in forma pauperis.  On May 13, 2005, the

18   court advised plaintiff that he could proceed with this action only by filing a complaint.

19   Subsequently, plaintiff attempted to file over 2,800 pages of documents with the court, none of

20   which were a complaint.  On August 1, 2005, the court directed the Clerk of the Court to return

21   the approximately 2800 pages documents to plaintiff and again directed plaintiff to file his

22   complaint using the form provided by the court if he wished to pursue this action.  Plaintiff was

23   also advised that challenges to the fact or duration of his custody must be pursued in a separate

24   habeas action.  On September 1, 2005, plaintiff filed his civil rights complaint.  Also pending

25   before the court are plaintiff's application to proceed in forma pauperis and several motions.

26   /////

1         Plaintiff has filed three applications requesting leave to proceed in forma pauperis.

2   The court will review the latest application which was filed on August 29, 2005.  The application

3   makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in

4   forma pauperis will be granted.

5         Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

6   U.S.C. § 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

7   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

8   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

9   month's income credited to plaintiff's prison trust account.  These payments shall be collected

10  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

11  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

12  § 1915(b)(2).

13        Plaintiff's complaint, which was eventually filed on September 1, 2005, is

14  disjointed and at times nonsensical.  Plaintiff names Oroville Police Department detective Jason

15  Barkley as a defendant in this action, as well as the following additional defendants:

16        Deputy District Attorney Mark Murphy/B.C.S.J./O.P.D./Office
    Lagrone/B of A/Parole Agent Mathew - Goughnor/Butte

17  County/The People/State of California/Butte County Sheriffs Dept.
    & Sheriff, Perry L. Reniff/Butte - County Superior Court/Urban

18  Manor Apartments/D.V.I./H.D.S.P./U.S. Government.

19  (Compl., at 3.)  As best the court can determine, it appears that plaintiff is alleging that his civil

20  rights were violated during his parole search, arrest, conviction in 2003 for bank robbery and his

21  incarceration at the Butte County Jail.

22        Plaintiff is advised that challenges concerning his 2003 conviction may only be

23  pursued in a habeas action.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  Plaintiff should file

24  a habeas petition and an application requesting leave to proceed in forma pauperis if he wishes to

25  /////

26  /////

1 | collaterally challenge that conviction.[1]  Because a different case file number would be assigned to

2 | any habeas action filed with the court, in order to avoid confusion plaintiff should not put the

3 | case file number assigned to this case on any habeas petition he may elect to file with the court.

4 |     Because plaintiff has attempted to bring both a civil right action and habeas action

5 | in his complaint, the complaint will be dismissed and plaintiff will be granted leave to file an

6 | amended complaint.  The Civil Rights Act under which this action is proceeding, provides as

7 | follows:

8 | > Every person who, under color of [state law] . . . subjects, or causes

9 | > to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at

10 | > law, suit in equity, or other proper proceeding for redress.

11 | 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12 | actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13 | Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

14 | (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

15 | meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

16 | omits to perform an act which he is legally required to do that causes the deprivation of which

17 | complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18 |     Here, plaintiff alleges that there was a delay in obtaining his medications during

19 | his parole search and incarceration at the Butte County Jail.  Plaintiff is informed that in order to

20 | state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care,

21 | plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to

22 | serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A claim of constitutionally

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d).

1   inadequate medical care has two elements:  "the seriousness of the prisoner's medical need and

2   the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059

3   (9th Cir. 1992).

4            A medical need is serious "if the failure to treat the prisoner's condition could

5   result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  974 F.2d

6   at 1059 (quoting Estelle, 429 U.S. at 104).  If a plaintiff establishes that he presented a serious

7   medical need at the relevant time, the plaintiff must next prove that the defendants responded to

8   the serious medical need with deliberate indifference.  Proof that a defendant acted with

9   deliberate indifference is required to satisfy the subjective prong of the two-part test that is

10  applicable to any Eighth Amendment claim.  See Farmer, 511 U.S. at 834.

11           Plaintiff also claims that from March 15, 2004 to July 27, 2005, he was unable to

12  pursue his cases because unspecified persons at High Desert State Prison would not provide him

13  with postage, photocopies of legal materials and access to his legal property.  It is well-settled

14  that "[p]risoners have a constitutional right of access to the courts guaranteed by the Fourteenth

15  Amendment." Bounds v. Smith, 430 U.S. 817, 821 (1977).  However, an inmate alleging a

16  violation of Bounds must demonstrate an actual injury to court access.  Lewis v. Casey, 518 U.S.

17  343, 349 (1996).  To demonstrate "actual injury," plaintiff must show that he "could not present a

18  claim to the courts because of the state's failure to fulfill its constitutional obligations."  Allen v.

19  Sakai, 48 F.3d 1082, 1091 (9th Cir. 1995).  Therefore, should plaintiff decide to attempt to

20  pursue this claim in this action, he must provide further allegations demonstrating actual injury.

21           Finally, plaintiff is informed that the court cannot refer to a prior pleading in order

22  to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

23  complaint be complete in itself without reference to any prior pleading.  This is because, as a

24  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

25  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

26  /////

4

1    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

2    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3              Plaintiff has filed requests for the appointment of counsel.  The United States

4    Supreme Court has ruled that district courts lack authority to require counsel to represent

5    indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

6    (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

7    counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

8    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

9    court does not find the required exceptional circumstances.  Plaintiff's requests for the

10   appointment of counsel will therefore be denied.

11             In light of the above, plaintiff's other motions filed on September 1, 2005, are

12   premature or unnecessary.  Therefore, the motions will be denied.  Also, on September 6, 2005,

13   plaintiff filed a motion styled, "Motion For Order To Show Cause For Petitioner's Rebuttal of

14   Magistrate Judge's Assistance Or Job Position In Furtherance Judicial/Court Proceedings' In

15   Petitioner's Case(s) In/For All Subject Matter, In Any Judicial Finding's and

16   Recommendations'."  Therein plaintiff requests that a different Magistrate Judge be assigned to

17   this case merely because petitioner disagrees with a prior order issued by the undersigned.  The

18   motion will be denied.  See 28 U.S.C. § 144.

19             Accordingly, IT IS HEREBY ORDERED that:

20             1.  Plaintiff's motion to proceed in forma pauperis, filed on August 29, 2005, is

21   granted.

22             2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

23   The fee shall be collected and paid in accordance with this court's order to the Director of the

24   California Department of Corrections filed concurrently herewith.

25             3.  Plaintiff's complaint, filed on September 1, 2005, is dismissed.

26   /////

1    4.  Plaintiff is granted thirty days from the date of service of this order to file an

2    amended complaint that complies with the requirements of the Civil Rights Act, the Federal

3    Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

4    docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use

5    the form complaint provided by the court and attachments to the complaint may not exceed a

6    total of ten pages; plaintiff must file an original and two copies of the amended complaint; failure

7    to file an amended complaint in accordance with this order will result in a recommendation that

8    this action be dismissed.

9    5.  Plaintiff's requests for the appointment of counsel, filed on July 27, 2005 and

10   September 1, 2005, are denied.

11   6.  Plaintiff's further requests and motions, filed on September 1, 2005, are

12   denied.

13   7.  Plaintiff's motion for an order to show cause, filed on September 6, 2005, is

14   denied.

15   8.  The Clerk of the Court is directed to provide plaintiff with the court's form

16   complaint for a section 1983 action, the form petition for a writ of habeas corpus, and the

17   application requesting leave to proceed in forma pauperis by a prisoner.

18   DATED: September 8, 2005.

19

20                                        _____

     DAD:4                                DALE A. DROZD
21   youn0727.36+                         UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26