IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD, | |
| Plaintiff, | No. CIV S-05-0727 LKK DAD P |
| vs. | |
| STATE OF CALIFORNIA, et al., | ORDER AND |
| Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's amended complaint[1], filed on October 11, 2005, and several requests filed by plaintiff.

Plaintiff has used the form complaint for a § 1983 action to which he has attached supplemental pages and exhibits.[2] In his amended complaint plaintiff alleges that on August 31,

---

[1] Plaintiff has utilized a confusing system in numbering the pages of his amended complaint. The first page is numbered, "3. 23." The following pages are numbered sequentially as 4. 24., 5. 25., 6. 26., etc. The court will nonetheless refer to specific pages using plaintiff's page numbering.

[2] Plaintiff has also indicated on the first page of his complaint that his action is brought "Pursuant To Section 504 Of ADA Laws Of Title II §§ Civil L.R. 5-6. See: 28 U.S.C. § 2403 'FR CIV P'." (Am. Comp. at 3.23.) The court finds that plaintiff has not alleged facts demonstrating that he has been excluded from a particular service, program, or activity by a public entity because of his disability. See 42 U.S.C. § 12132. Therefore, plaintiff has not stated

1  2002, at approximately 9:00 a.m., defendants Detective Jason Barklely and Officer Lagrone of
2  the Oroville Police Department, conducted a search of plaintiff's apartment and questioned him.
3  Plaintiff's parole officer, defendant Mathew-Goughnor had authorized a parole search because a
4  bank robbery had been committed in the proximity of where plaintiff was residing.  Plaintiff
5  contends that during the search and questioning, he was never advised of his Miranda rights and
6  was not shown a warrant.  A parole hold was placed on plaintiff and he was taken to the Butte
7  County jail.  On September 2, 2002, plaintiff was arrested in connection with the bank robbery.
8  In his complaint plaintiff contends that the testimony of defendant Barkley and others at his trial,
9  and conduct undertaken by the prosecutor, defendant Deputy District Attorney Murphy, violated
10 his civil rights because of the "illegal procedures' [sic] & entrapment/illegal search & seizure &
11 seizures in Health & Safety that was unconstitutional & cruel/unusual punishment . . . ."  (Am.
12 Compl. at 9.29.)  Plaintiff also contends that because of medications he was taking and his
13 "chemical imbalances," his ability to assist in his defense was impaired and resulted in the jury
14 finding him guilty.  (Id. at 10.30.)  Plaintiff claims that he has been "wrongly & falsely"
15 convicted.  (Id.)

16         The court finds that plaintiff is seeking to challenge the constitutionality of his
17 2003 state court conviction.  He was advised in this court's September 9, 2005 order that
18 challenges concerning his state court conviction may only be pursued in a federal habeas action.[3]
19 (Order, filed 9-9-05, at 2.)  Although plaintiff seeks "$666 quadrillion" as monetary relief, the
20 remedy sought does not determine the nature of the action.  (Am. Compl. at 5. 25.)  In Heck v.
21 Humphrey, 512 U.S. 477 (1994), the United States Supreme Court expressly held that a cause of

---

a cognizable ADA claim.  In addition, 28 U.S.C. § 2403 is a provision authorizing the United States or a State to intervene in a civil action where a federal or state law affecting the public interest is in question.  This provision provides no cause of action for plaintiff.

  [3] In the same order the court also provided plaintiff the legal standards for medical care and access to court claims brought pursuant to 42 U.S.C. § 1983.  Plaintiff does not state a cognizable claim challenging the medical care he received at the Butte County Jail nor does plaintiff allege any violation of his right to access to the court.

1  action for damages under § 1983 which would necessarily invalidate a criminal conviction,
2  cannot proceed unless the conviction or sentence has been invalidated, expunged, or reversed.
3  Id. at 486.  Here, plaintiff challenges the testimony of defendant detective Barkley and argues
4  that he was not mentally competent to assist in his own defense.  These claims, if successful,
5  would necessarily invalidate the judgment of conviction entered by the state court.  Because
6  plaintiff has failed to demonstrate that his state court conviction has been invalidated, expunged
7  or reversed, this action should be dismissed without prejudice.
8         On October 11, 2005, plaintiff requested the appointment of counsel.  The United
9  States Supreme Court has ruled that district courts lack authority to require counsel to represent
10 indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298
11 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
12 counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
13 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
14 court does not find the required exceptional circumstances.  Plaintiff's request for the
15 appointment of counsel will therefore be denied.
16        On October 11, 2005, plaintiff requested a thirty-day extension of time "to file
17 'summons'/JS-44's (Civil Cover Sheets)" and requested a USM-285 form for service by the U.S.
18 Marshal.  Plaintiff made a similar request again on October 31, 2005.  The court has not ordered
19 plaintiff to file such documents.  In addition, in light of the court's recommendation that this
20 action be dismissed, plaintiff's requests will be denied.
21        On November 2, 2005, plaintiff filed a document styled, "'Order To Show Cause'
22 Motion For: 'Demand For Fast-Speedy Trial By Jury.'"  Plaintiff requests that a trial date be set.
23 The request will be denied.
24        On November 2, 2005, plaintiff filed a request for an extension of time "to submit
25 all & or most docum's/attachment(s) that pertain & accrue to case in subject matter." [sic]  The
26 request will be denied.

On November 11, 2005, plaintiff filed an application for writ of possession using a California judicial form. The form may be used by a plaintiff to make a claim on property in the possession of a defendant. In the form, plaintiff describes the property claimed as, "Itemized list of all claim's pertinent indemnity/demand's of all losse's, damage's & injuries induced . . . ." [sic] (Application at 1.) Plaintiff's application is not applicable in this action and will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 11, 2005 motion for appointment of counsel is denied;

2. Plaintiff's October 11, 2005 request for an extension of time and USM-285 form is denied;

3. Plaintiff's October 31, 2005 request for an extension of time and USM-285 form is denied;

4. Plaintiff's November 2, 2005 request for a speedy trial is denied;

5. Plaintiff's November 2, 2005 request for an extension of time is denied;

6. Plaintiff's November 2, 2005 application for a writ of possession is denied.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 3, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
youn727.57

4